**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADVANCED VASCULAR ASSOCIATES,<br>Plaintiff,<br>-against-<br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Advanced Vascular Associates ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 2009 Stone Ridge Lane, Villanova, Pennsylvania 19085.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Pennsylvania.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C § 9 *et seq*.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

## FACTUAL BACKGROUND

5. Plaintiff is a medical practice specializing in vascular surgery.

6. Dr. Kent Haas, F.A.C.S. ("Dr. Haas"), is a vascular surgeon who was the treating physician for all of the below procedures.

**Patient D.L., DISP-1933171, DISP-1933174, and DISP-1933175**

7. On October 18, 2022, Dr. Haas performed vascular treatment as part of a spinal procedure for patient identified herein as D.L. ("Patient D.L.") at Chester County Hospital, a hospital located in West Chester, Pennsylvania.

8. At the time of his treatment, Patient D.L. was the beneficiary of a health plan issued or administrated by Defendant.

9. After treating Patient D.L., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for, among others, the following Current Procedural Terminology ("CPT") codes and amounts:

a. CPT code 22558, in the amount of $60,000.00;

b. CPT code 22853, in the amount of $15,000.00; and

c. CPT code 37617, in the amount of $10,000.00.

10. In response to Plaintiff's HCFA, Defendant did not make any payments on the billed charges.

11. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

12. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

13. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

14. Plaintiff disputed Defendant's payments and initiated the negotiation period called for by the Act.

15. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such arbitrations as called for by the Act.

16. The arbitrator ruled in Plaintiff's favor, awarding Plaintiff as follows:

a. DISP-1933171: $60,000.00 for CPT code 22558 on November 11, 2024 (*see*, **Exhibit A**, attached hereto);

b. DISP-1933174: $15,000.00 for CPT code 22853 on November 11, 2024 (*see*, **Exhibit B**, attached hereto); and

c. DISP-1933175: $10,000.00 for CPT code 37617 on November 11, 2024 (*see*, **Exhibit C**, attached hereto).

d. **Total: $85,000.00.**

17. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

18. In this case, the additional payments were due on December 11, 2024. However, Defendant failed to issue the additional payment amounts awarded in arbitration.

19. As of the date of this Complaint, over 250 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

20. As a result, Plaintiff has been damaged in the amount of **$85,000.00** in regard to this procedure and continues to suffer damages in the operation of its medical practice.

**Patient M.S., DISP-1841176, DISP-1841180, and DISP-1841179**

21. On May 4, 2023, Dr. Haas performed vascular treatment as part of a spinal procedure for patient identified herein as M.S. ("Patient M.S.") at Chester County Hospital.

22. At the time of her treatment, Patient M.S. was the beneficiary of a health plan issued or administrated by Defendant.

23. After treating Patient M.S., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for, among others, the following CPT codes and amounts:

a. CPT code 22853, in the amount of $15,000.00;

b. CPT code 22558, in the amount of $60,000.00; and

c. CPT code 22585, in the amount of $45,000.00.

24. In response to Plaintiff's HCFA, Defendant allowed the following payments:

a. CPT code 22853: $66.09;

b. CPT code 22558: $1,548.33; and

c. CPT code 22585: $325.20.

d. **Total: $1,939.62.**

25. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

26. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Act.

27. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

28. Plaintiff disputed Defendant's payments and initiated the negotiation period called for by the Act.

29. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such arbitrations as called for by the Act.

30. The arbitrator ruled in Plaintiff's favor, awarding Plaintiff the following:

a. DISP-1841176: $15,000.00 for CPT code 22853 on November 20, 2024 (*see*, **Exhibit D**, attached hereto);

b. DISP-1841180: $60,000.00 for CPT code 22558 on December 6, 2024 (*see*, **Exhibit E**, attached hereto); and

c. DISP-1841179: $35,000.00 for CPT code 22585 on November 27, 2024 (*see*, **Exhibit F**, attached hereto).

d. **Total: $110,000.00**

31. The total for the three (3) awards amounts to $108,060.38 above Defendant's initial payment.

32. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

33. In this case, the additional payments were due on December 20, 2024; January 5, 2025; and December 27, 2024, respectively. However, Defendant failed to issue the additional payment amounts awarded in arbitration.

34. As of the date of this Complaint, over 250 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

35. As a result, Plaintiff has been damaged in the amount of **$108,060.38** in regard to this procedure and continues to suffer damages in the operation of its medical practice.

**Patient D.A., DISP-1983003, DISP-1983004, and DISP-1983000**

36. On August 20, 2024, Dr. Haas performed vascular treatment as part of a spinal procedure for patient identified herein as D.A. ("Patient D.A.") at Paoli Hospital, a hospital located in Paoli, Pennsylvania.

37. At the time of his treatment, Patient D.A. was the beneficiary of a health plan issued or administrated by Defendant.

38. After treating Patient D.A., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for, among others, the following CPT codes and amounts:

a. CPT code 22853 (unit 1), in the amount of $45,000.00;

b. CPT code 22853 (unit 2), in the amount of $45,000.00; and

c. CPT code 22585 (unit 1), in the amount of $45,000.00.

39. In response to Plaintiff's HCFA, Defendant allowed the following payments:

a. CPT code 22853 (unit 1): $25.63;

b. CPT code 22853 (unit 2): $25.63; and

c. CPT code 22585 (unit 1): $125.79.

d. **Total: $177.05.**

40. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

41. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Act.

42. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

43. Plaintiff disputed Defendant's payments and initiated the negotiation period called for by the Act.

44. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such arbitrations as called for by the Act.

45. The arbitrator ruled in Plaintiff's favor, awarding Plaintiff the following:

a. DISP-1983003: $45,000.00 for CPT code 22853 (unit 1) on December 9, 2024 (*see*, **Exhibit G**, attached hereto);

b. DISP-1983004: $45,000.00 for CPT code 22853 (unit 2) on December 9, 2024 (*see*, **Exhibit H**, attached hereto); and

c. DISP-1983000: $42,000.00 for CPT code 22585 (unit 1) on December 9, 2024 (*see*, **Exhibit I**, attached hereto).

d. **Total: $132,000.00**

46. The total for the three (3) awards amounts to $131,822.95 above Defendant's initial payment.

47. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

48. In this case, the additional payments were due on January 8, 2025. However, Defendant failed to issue the additional payment amounts awarded in arbitration.

49. As of the date of this Complaint, over 250 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

50. As a result, Plaintiff has been damaged in the amount of **$131,822.95** in regard to this procedure and continues to suffer damages in the operation of its medical practice.

**Total:**

51. In total, Defendant has failed to pay $324,883.33.

52. As a result, Plaintiff has been damaged in the total amount of **$324,883.33** in regard to this procedure and continues to suffer damages in the operation of its medical practice.

**COUNT ONE**

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

55. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

56. Indeed, several Federal courts have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *Guardian Flight LLC v. Aetna Life Ins. Co*, No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025) (holding that "Congress did show, both through the plain language of the NSA and the legislative intent, that the NSA includes a private right of action because the law mandates payment of the arbitration awards."); *Worldwide Aircraft Servs. Inc. v. Worldwide Ins. Servs., LLC*, No. 8:24-CV-840-TPB-CPT, 2024 WL 4226799 (M.D. Fla. Sep. 18, 2024) (granting a cross-motion to confirm an NSA award); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

57. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

58. Accordingly, Plaintiff brings this action for an Order confirming the following arbitration awards:

a. DISP-1933171, issued on November 11, 2024;

b. DISP-1933174, issued on November 11, 2024;

c. DISP-1933175, issued on November 11, 2024;

d. DISP-1841176, issued on November 20, 2024;

e. DISP-1841180, issued on December 6, 2024;

f. DISP-1841179, issued on November 27, 2024;

g. DISP-1983003, issued on December 9, 2024;

h. DISP-1983004, issued on December 9, 2024; and

i. DISP-1983000, issued on December 9, 2024.

## COUNT TWO

## VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF A BINDING AWARD

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

61. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

62. The certified independent dispute resolution entities ("CIDREs") assigned to the disputes issued the following awards:

a. For DISP-1933171, EdiPhy Advisors, L.L.C. issued an award of $60,000.00 for CPT code 22558 on November 11, 2024, amounting to an additional $60,000.00 above Defendant's original payment;

b. For DISP-1933174, EdiPhy Advisors, L.L.C. issued an award of $15,000.00 for CPT code 22853 on November 11, 2024, amounting to an additional $15,000.00 above Defendant's original payment;

c. For DISP-1933175, EdiPhy Advisors, L.L.C. issued an award of $10,000.00 for CPT code 37617 on November 11, 2024, amounting to an additional $10,000.00 above Defendant's original payment;

d. For DISP-1841176, ProPeer Resources, LLC issued an award of $15,000.00 for CPT code 22853 on November 20, 2024, amounting to an additional $14,933.91 above Defendant's original payment;

e. For DISP-1841180, ProPeer Resources, LLC issued an award of $60,000.00 for CPT code 22558 on December 6, 2024, amounting to an additional $58,451.67 above Defendant's original payment;

f. For DISP-1841179, ProPeer Resources, LLC issued an award of $35,000.00 for CPT code 22585 on November 27, 2024, amounting to an additional $34,674.80 above Defendant's original payment;

g. For DISP-1983003, ProPeer Resources, LLC issued an award of $45,000.00 for CPT code 22853 (unit 1) on December 9, 2024, amounting to an additional $44,974.37 above Defendant's original payment;

h. For DISP-1983004, ProPeer Resources, LLC issued an award of $45,000.00 for CPT code 22853 (unit 12) on December 9, 2024, amounting to an additional $44,974.37 above Defendant's original payment; and

i. For DISP-1983000, ProPeer Resources, LLC issued an award of $42,000.00 for CPT code 22585 (unit 1) on December 9, 2024, amounting to an additional $41,874.21 above Defendant's original payment.

j. **Total above Defendant's initial payments: $324,883.33.**

63. According to the NSA, Defendant had thirty (30) days to remit the arbitration payment to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

64. Defendant failed to make the payment within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

65. As such, Defendant has failed to comply with the requirements of the NSA.

66. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of **$324,883.33**.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award dated November 11, 2024 regarding Arbitration Dispute DISP-1933171.

B. For an Order confirming the arbitration award dated November 11, 2024 regarding Arbitration Dispute DISP-1933174.

C. For an Order confirming the arbitration award dated November 11, 2024 regarding Arbitration Dispute DISP-1933175.

D. For an Order confirming the arbitration award dated November 20, 2024 regarding Arbitration Dispute DISP-1841176.

E. For an Order confirming the arbitration award dated December 6, 2024 regarding Arbitration Dispute DISP-1841180.

F. For an Order confirming the arbitration award dated November 27, 2024 regarding Arbitration Dispute DISP-1841179.

G. For an Order confirming the arbitration award dated December 9, 2024 regarding Arbitration Dispute DISP-1983003.

H. For an Order confirming the arbitration award dated December 9, 2024 regarding Arbitration Dispute DISP-1983004.

I. For an Order confirming the arbitration award dated December 9, 2024 regarding Arbitration Dispute DISP-1983000.

J. For an Order directing Defendant to pay Plaintiff $324,883.33.

K. For attorney's fees, interest, and costs of suit; and

L. For such other and further relief as the Court may deem just and equitable.

Dated: Fair Lawn, New Jersey
September 3, 2025

GOTTLIEB AND GREENSPAN, LLC
*Attorneys for Plaintiff*

By: /s/ Joseph G. Devine, Jr.
Joseph G. Devine, Jr.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0894
jdevine@gottliebandgreenspan.com