# EXHIBIT A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1933171

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1933171** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$60,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 22558 on claim number 780282420887832 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of $60,000.00

HORIZON BCBS submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and any evidence related to what was included in the QPA calculation was considered by the IDRE. The “Additional Factors” for which evidence was offered or arguments were made, as indicated, were considered and the following factors (or the QPA) were found to be supported by the most credible and persuasive evidence offered by the Prevailing Party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide credible evidence on the QPA or one of the other factors then it was not given weight, or if the Arbitrator concluded in her/his sole discretion that (when considering both party’s submissions) the QPA or another factor already accounted for the factor in a way that the factor’s weight should be discounted, then the factor may not have driven the Arbitrator’s decision.

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors, then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP asserts that Congress expects that the results of these NSA arbitrations will be greater than the QPA amounts. A reading of the page from the Federal Register cited by the IP does not support this statement. Indeed, the rule cited by the IP (the October 2021 Final Rule) contemplated that the IDRE would be compelled to choose the offer closest to the QPA absent material evidence that the value is different. This standard changed after certain federal court rulings, but the point is that the discussion cited in no way suggests that Congress expected IDRE decisions to be greater than the QPA. Furthermore, the comments suggest that the decision to prohibit the IDRE from considering what the IP bills for the given service or item was included to “limit potential inflationary effects even if arbitration leads to payment determinations that are above the amounts plans and issuers typically pay to in-network providers.” The IDR does not agree with the IP, therefore, that Congress expects the IDRE to routinely find that the value of the qualified IDR item or service is greater than the QPA. However, the IDRE did not give the QPA more weight than any other additional information or factors that were supported by evidence. The IP submits that the “absolute floor of payment in this matter should be the plan’s regular out-of-network benefits.” However, this is not the

measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence.

Accordingly, the IDRE concludes that the Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that HORIZON BCBS is the non-prevailing party in DISP-1933171 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1933171 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON BCBS. The 90-calendar day cooling off period begins on November 11, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1933174

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1933174** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$15,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 22853 on claim number 780282420887832 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of  $15,000.00

HORIZON BCBS submitted an offer of  $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an “x” in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and any evidence related to what was included in the QPA calculation was considered by the IDRE. The “Additional Factors” for which evidence was offered or arguments were made, as indicated, were considered and the following factors (or the QPA) were found to be supported by the most credible and persuasive evidence offered by the Prevailing Party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide credible evidence on the QPA or one of the other factors then it was not given weight, or if the Arbitrator concluded in her/his sole discretion that (when considering both party’s submissions) the QPA or another factor already accounted for the factor in a way that the factor’s weight should be discounted, then the factor may not have driven the Arbitrator’s decision.

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors, then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP asserts that Congress expects that the results of these NSA arbitrations will be greater than the QPA amounts. A reading of the page from the Federal Register cited by the IP does not support this statement. Indeed, the rule cited by the IP (the October 2021 Final Rule) contemplated that the IDRE would be compelled to choose the offer closest to the QPA absent material evidence that the value is different. This standard changed after certain federal court rulings, but the point is that the discussion cited in no way suggests that Congress expected IDRE decisions to be greater than the QPA. Furthermore, the comments suggest that the decision to prohibit the IDRE from considering what the IP bills for the given service or item was included to “limit potential inflationary effects even if arbitration leads to payment determinations that are above the amounts plans and issuers typically pay to in-network providers.” The IDR does not agree with the IP, therefore, that Congress expects the IDRE to routinely find that the value of the qualified IDR item or service is greater than the QPA. However, the IDRE did not give the QPA more weight than any other additional information or factors that were supported by evidence. The IP submits that the “absolute floor of payment in this matter should be the plan’s regular out-of-network benefits.” However, this is not the

measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence.

Accordingly, the IDRE concludes that the Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that HORIZON BCBS is the non-prevailing party in DISP-1933174 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1933174 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON BCBS. The 90-calendar day cooling off period begins on November 11, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT C

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1933175

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1933175** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$10,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 37617 on claim number 780282420887832 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of $10,000.00

HORIZON BCBS submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an “x” in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and any evidence related to what was included in the QPA calculation was considered by the IDRE. The “Additional Factors” for which evidence was offered or arguments were made, as indicated, were considered and the following factors (or the QPA) were found to be supported by the most credible and persuasive evidence offered by the Prevailing Party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide credible evidence on the QPA or one of the other factors then it was not given weight, or if the Arbitrator concluded in her/his sole discretion that (when considering both party’s submissions) the QPA or another factor already accounted for the factor in a way that the factor’s weight should be discounted, then the factor may not have driven the Arbitrator’s decision.

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors, then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP asserts that Congress expects that the results of these NSA arbitrations will be greater than the QPA amounts. A reading of the page from the Federal Register cited by the IP does not support this statement. Indeed, the rule cited by the IP (the October 2021 Final Rule) contemplated that the IDRE would be compelled to choose the offer closest to the QPA absent material evidence that the value is different. This standard changed after certain federal court rulings, but the point is that the discussion cited in no way suggests that Congress expected IDRE decisions to be greater than the QPA. Furthermore, the comments suggest that the decision to prohibit the IDRE from considering what the IP bills for the given service or item was included to “limit potential inflationary effects even if arbitration leads to payment determinations that are above the amounts plans and issuers typically pay to in-network providers.” The IDR does not agree with the IP, therefore, that Congress expects the IDRE to routinely find that the value of the qualified IDR item or service is greater than the QPA. However, the IDRE did not give the QPA more weight than any other additional information or factors that were supported by evidence. The IP submits that the “absolute floor of payment in this matter should be the plan’s regular out-of-network benefits.” However, this is not the

measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence.

Accordingly, the IDRE concludes that the Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that HORIZON BCBS is the non-prevailing party in DISP-1933175 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1933175 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON BCBS. The 90-calendar day cooling off period begins on November 11, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT D

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1841176

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1841176** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$15,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 22853 on claim number 26232291471002 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of $15,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of ADVANCED VASCULAR ASSOCIATES was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of

training and experience of the provider, market share, acuity of the participant, teaching status/case mix, good faith efforts to negotiate and additional information. There was sufficient information provided by the non-initiating party to support additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by ADVANCED VASCULAR ASSOCIATES demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, ADVANCED VASCULAR ASSOCIATES is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1841176 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1841176 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on November 20, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT E

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1841180

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1841180** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$60,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 22558 on claim number 26232291471002 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of $60,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of ADVANCED VASCULAR ASSOCIATES was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of

training and experience of the provider, market share, acuity of the participant, good faith efforts to negotiate, and additional information. There was sufficient information provided by the non-initiating party to support the level of training and experience of the provider, participation in good faith negotiations, and additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by ADVANCED VASCULAR ASSOCIATES demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, ADVANCED VASCULAR ASSOCIATES is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1841180 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1841180 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on December 6, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT F

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1841179

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1841179** and has determined that ADVANCED VASCULAR ASSOCIATES is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$35,000.00** offered by ADVANCED VASCULAR ASSOCIATES is the appropriate out-of-network rate for the item or service 22585 on claim number 26232291471002+ under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

ADVANCED VASCULAR ASSOCIATES submitted an offer of $35,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of ADVANCED VASCULAR ASSOCIATES was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of

training and experience of the provider, market share, acuity of the participant, good faith efforts to negotiate, and additional information. There was sufficient information provided by the non-initiating party to support the level of training and experience of the provider, market share, acuity of the participant, good faith efforts to negotiate, and additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by ADVANCED VASCULAR ASSOCIATES demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, ADVANCED VASCULAR ASSOCIATES is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1841179 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ADVANCED VASCULAR ASSOCIATES by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1841179 was ADVANCED VASCULAR ASSOCIATES. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on November 27, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT G

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1983003

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1983003** and has determined that Advanced Vascular Associates is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$45,000.00** offered by Advanced Vascular Associates is the appropriate out-of-network rate for the item or service 22853 on claim number 780262423626552 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

Advanced Vascular Associates submitted an offer of $45,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of Advanced Vascular Associates was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of training and

experience of the provider, market share, acuity of the participant, scope of services, good faith efforts to negotiate, and additional information. There was additional information provided by the non-initiating party. In addition, QPA was reviewed and considered in the determination. The information submitted by Advanced Vascular Associates demonstrated that the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, Advanced Vascular Associates is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1983003 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Advanced Vascular Associates by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1983003 was Advanced Vascular Associates. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on December 9, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT H

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1983004

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1983004** and has determined that Advanced Vascular Associates is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$45,000.00** offered by Advanced Vascular Associates is the appropriate out-of-network rate for the item or service 22853 on claim number 780262423626552 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

Advanced Vascular Associates submitted an offer of $45,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of Advanced Vascular Associates was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of training and

experience of the provider, market share, acuity of the participant, teaching status/case mix, good faith efforts to negotiate and additional information. There was sufficient information provided by the non-initiating party to support additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by Advanced Vascular Associates demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, Advanced Vascular Associates is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1983004 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Advanced Vascular Associates by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1983004 was Advanced Vascular Associates. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on December 9, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# EXHIBIT I

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1983000

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1983000** and has determined that Advanced Vascular Associates is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$42,000.00** offered by Advanced Vascular Associates is the appropriate out-of-network rate for the item or service 22585 on claim number 780262423626552 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

Advanced Vascular Associates submitted an offer of $42,000.00

HORIZON submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of Advanced Vascular Associates was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of training and

experience of the provider, market share, acuity of the participant, scope of services, good faith efforts to negotiate, and additional information. There was additional information provided by the non-initiating party. In addition, QPA was reviewed and considered in the determination. The information submitted by Advanced Vascular Associates demonstrated that the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, Advanced Vascular Associates is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that HORIZON is the non-prevailing party in DISP-1983000 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Advanced Vascular Associates by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1983000 was Advanced Vascular Associates. The initiating party's TIN is 205509793. The non-initiating party was HORIZON. The 90-calendar day cooling off period begins on December 9, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*